IN THE UNITED STATES DISTRICT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| LASHAWNDRA LITTREAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| GC SERVICES, LP, | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S COMPLAINT

Plaintiff, LASHAWNDRA LITTREAN ("Plaintiff"), through Hormozdi Law Firm, LLC, alleges the following against Defendant, GC SERVICES, LP ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §1331 and 15 U.S.C. §1692k FDCPA.

3. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

5.  Plaintiff is a natural person residing in Marietta, Cobb County, Georgia.

6.  Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*.

7.  Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)*.

8.  Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)*.

9.  Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

10. Defendant is a Delaware Limited Partnership with its headquarters in Houston, Harris County, Texas. *See* Defendant's Answer, Document No. 8, ¶12, 2:13-cv-11710-MOB-RSW.

11. Defendant is a business entity engaged in the collection of debt within the State of Georgia.

12. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

13. When an unpaid, outstanding account is placed with Defendant it is assigned a file number.

14. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

15. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties. *See* Defendant's Answer, Document No. 8, ¶16, 2:13-cv-11710-MOB-RSW.

16. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

17. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

18. Defendant is attempting to collect a consumer debt from Plaintiff.

19. The alleged debt owed arises from transactions for personal, family, and household purposes.

20. Within one (1) year of Plaintiff filing this Complaint, Defendant was hired to collect on the alleged debt.

21. Within one (1) year of Plaintiff filing this Complaint, Defendant communicated with Plaintiff in an attempt to collect on the Account.

22. On or about May 24, 2013, at approximately 10:50 a.m. EST, Defendant called Plaintiff at 770-627-21xx and asked to speak with Plaintiff's husband, Kevin.

23. On or about May 24, 2013, Defendant communicated with Plaintiff in an attempt to collect a debt.

24. The collector that called Plaintiff on or about May 24, 2013, was a woman collector.

25. Defendant called Plaintiff from 877-359-5523.

26. The telephone number of 877-359-5523 is one of Defendant's telephone numbers.

27. During the conversation on or about May 24, 2013, Plaintiff informed Defendant that she was Kevin's wife, and that Kevin was not available to speak.

28. Under the FDCPA, a consumer includes a consumer's spouse.

29. During this conversation, Defendant told Plaintiff they were a loan company and asked Plaintiff to provide information about Plaintiff's husband including information about

his job and his work telephone number.

30. Defendant insinuated they were calling to offer a loan to Plaintiff's husband.

31. Defendant is not a loan company, but rather a collection agency attempting to collect a debt.

32. The representations made to Plaintiff by Defendant regarding being a loan company were false.

33. Defendant's collector that spoke with Plaintiff was working within the scope of her employment when she communicated with Plaintiff in an attempt to collect a debt.

34. Defendant's collector that spoke with Plaintiff did not state that she was calling from GC Services, LP.

35. Defendant's collector that spoke with Plaintiff did not state that the collector is attempting to collect a debt.

36. Defendant's collector that spoke with Plaintiff is familiar with the FDCPA.

37. Defendant's collector that spoke with Plaintiff knows the FDCPA requires debt collectors to identify the company's name when placing a telephone call.

38. Defendant's collector that spoke with Plaintiff knows the FDCPA requires debt collectors to state that the communication is an attempt to collect a debt.

39. Defendant maintained a Call Detail Search regarding Plaintiff's Account.

40. Defendant maintained an Account Detail Listing regarding Plaintiff's Account.

41. Defendant maintains an insurance policy with CNA under which CNA may be liable to satisfy all or part of a possible judgment in this action or to indemnify or reimburse for payments made to satisfy the judgment.

42. Defendant recorded all of its telephone communications with Plaintiff regarding the

Account.

43. Defendant recorded all of its telephone communications with third parties regarding the Account.

44. Defendant has in its possession audio recordings made in connection with Defendant's efforts to collect the debt at issue in this matter.

45. Defendant has in its possession the audio recording of the conversation between Plaintiff and Defendant on or about May 24, 2013.

46. Paul Grover, Vice President of Client Management Group for Defendant, has discoverable information regarding the day-to-day business activities and functions of Defendant.

47. Specifically, Paul Grover has information regarding Defendant's policies and procedures regarding conversations Defendant has with consumers and third parties.

48. Additionally, Paul Grover has information regarding Defendant's anticipated affirmative defenses.

49. Specifically, Paul Grover has information regarding Defendant's anticipated bona fide error defense.

50. Per the nationwide PACER records, Defendant has defended approximately two-hundred four (204) lawsuits throughout the nation in the last year prior to the date Plaintiff filed this Complaint.

51. Within one (1) year of Plaintiff filing this Complaint, Defendant has plead a Bona Fide Error Affirmative Defense in every Answer it filed in an FDCPA case.

52. In the last three (3) years, Defendant has had over 250 Complaints filed against it with the Better Business Bureau.

53. Defendant has a pattern and practice of not complying with the FDCPA when it speaks with consumers.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

54. Defendant violated the FDCPA based on the following:

    a.  Defendant violated *§1692d* of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt;

    b.  Defendant violated *§1692d(6)* of the FDCPA by placing telephone calls without meaningful disclosure of the caller's identity when Defendant did not inform Plaintiff that the call was from GC Services, LP.

    c.  Defendant violated *§1692e* of the FDCPA by using false, deceptive, or misleading representations or means in connection with the collection of a debt;

    d.  Defendant violated *§1692e(10)* of the FDCPA by using false representation or deceptive means in connection with the collection the alleged debt;

    e.  Defendant violated *§1692e(11)* of the FDCPA when Defendant spoke with Plaintiff and did not state that the communication was an attempt to collect a debt; and

    f.  Defendant violated *§1692f* of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt when Defendant insinuating it was calling to offer a loan to Plaintiff's husband.

55. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

56. As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for statutory damages, and costs and attorney's fees.

WHEREFORE, Plaintiff, LASHAWNDRA LITTREAN, respectfully requests judgment be entered against Defendant, GC SERVICES, LP, for the following:

57. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k;

58. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k; and

59. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

September 23, 2013                          By: /s/    Shireen Hormozdi_____
                                           Shireen Hormozdi
                                           Hormozdi Law Firm, LLC
                                           1770 Indian Trail Lilburn Road, Suite 175
                                           Norcross, GA 30093
                                           Tel: 678-395-7795
                                           Fax: 866-929-2434
                                           E-mail: shireen@hormozdilaw.com
                                           Attorney for Plaintiff